**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


JOE GUARINO, KIRK BODENHEIMER, AND          *          CIVIL ACTION
CHALMETTE SEAFOOD & POBOY INC.


VERSUS                                                                  *          NO. 07-7211


STATE FARM FIRE AND CASUALTY CO.          *          SECTION "F"



ORDER AND REASONS

    Before the Court is the plaintiffs' motion to remand. For the
reasons that follow, the motion is GRANTED.


Background

    This is a Katrina insurance dispute that was removed to this
Court from the 34th Judicial District Court for St. Bernard Parish.
In their petition, the plaintiffs claim they are owed additional
benefits under their State Farm business insurance policy, as well
as statutory penalties, attorneys fees, and other consequential
damages resulting from State Farm's failure to provide coverage.
State Farm removed the case under 28 U.S.C. § 1332, because the
parties are citizens of different states and the amount in
controversy purportedly exceeds $75,000. Although the plaintiffs'
petition is silent with regard to damages, State Farm contends

1

that, based on the plaintiffs' claims for relief, the Court can infer that $75,000 is in controversy. The plaintiffs respond that State Farm has failed to carry its burden of demonstrating the jurisdictional limit is met.

I.

Motions to remand are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868. In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether removal is proper should be resolved against federal jurisdiction. See Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

When a petition is silent as to damages the Fifth Circuit has held that the removing defendant must prove by a preponderance of the evidence that the amount in controversy is at least $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999). A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiffs' claims exceed the

2

jurisdictional amount or by setting forth the facts in dispute that support a finding that the jurisdictional amount is satisfied. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

If the "facially apparent" test is not met, the Court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. Allen, 63 F.3d at 1336. If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000. See De Aguilar, 47 F.3d at 1412 (emphasis in original).

II.

Contrary to State Farm's assertion, the plaintiffs' do not claim they are entitled to full policy limits, but, rather, claim to be "entitled to recover the full value of [their] losses." The plaintiffs also seek lost income, penalties, attorneys fees, and other alleged consequences of State Farm's failure to provide insurance coverage, including mental anguish, loss of

3

indemnification benefits, and loss of investment opportunity.[1]
State Farm contends that, because the plaintiffs did not file a
binding stipulation with their petition renouncing their ability to
accept an award more than $75,000, the allegations in the petition
make it facially apparent the jurisdictional minimum is met.

State Farm's concedes, however, that there remains only
"$41,793.63 potentially at issue under the policy, plus any
possible recover for loss of income." Although $41,793.63 is the
plaintiffs' maximum possible recovery under the insurance policy,
State Farm has not provided evidence regarding the value of the
plaintiffs' *actual* claim. See Hartford Ins. Group, 293 F.3d at 911.
And, even assuming the claim was for policy limits, State Farm
calculates that statutory penalties of $5,000 under §22:1220 and

---

[1] Potential damage awards under La. Rev. Stat §§ 22:658 and
20:1220 are considered in determining whether the amount in
controversy requirement is satisfied. See Wicker v. American Sec.
Ins. Co., 2008 WL 508910 *2 (E.D. La. 2008); Poynot v. Hicks, 2002
WL 31040174 *3 (E.D. La. 2002). Section 22:1220 allows an insured
to recover consequential damages that may result from an insurer's
failure to pay a claim upon satisfactory proof of loss "in an
amount not to exceed two times the damages sustained or five
thousand dollars, whichever is greater," if the insurer's failure
was arbitrary and capricious. A plaintiff must show proof of actual
damages arising from the breach to recover any more than $5,000.
See Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.,
67 F.3d 70, 75 (5th Cir. 1995). District courts have used the
statutory minimum award of $5,000 when calculating the amount in
controversy when plaintiffs fail to state what consequential
damages were sustained by the insurer's alleged delay of payment.
See, e.g., Pride v. Am. Sec. Ins. Co., 2003 WL 1618566, at *2 (E.D.
La. 2003), citing In Re Hannover Corp. Am., 67 F.3d 70, 76 (5th
Cir. 1995). Under Section 22:658, the insurer is subject to a
penalty, "in addition to the amount of the loss" of 25% of the
amount due under the policy, or $1,000, whichever is greater,
whenever it arbitrarily, capriciously, or without probable cause
fails to pay within thirty days of satisfactory proof of loss.

$7,522.85 (25%) under §22:658 would increase the amount in controversy to $54,315.63. State farm does not attempt to quantify the amount of the plaintiffs' other claims. In these circumstances, the Court does not conclude it is facially apparent that the amount in controversy exceeds $75,000. The fact that the plaintiffs did not affirmatively renounce their ability to recover more than $75,000 when filing their state-court petition does not alter this conclusion.

Because State Farm has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, this Court lacks diversity jurisdiction. Accordingly,

IT IS ORDERED: The plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, May 28, 2008.


MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE